# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**PAMELA PETERS,**
**Claimant Below, Petitioner**

**FILED**

July 9, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0781** (BOR Appeal Nos. 2052560 & 2052832)
(Claim No. 2016026681)

**OHIO COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Pamela Peters, by Counsel M. Jane Glauser, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The Ohio County Board of Education, by Counsel Alyssa A. Sloan, filed a timely response.

The issues on appeal involve compensability and medical treatment. This claim is in litigation pursuant to Ms. Peters's protests to claims administrator Orders dated April 6, 2017, which denied authorization to add complex regional pain syndrome ("CRPS"), left lower extremity, pain in left ankle, and injury to left wrist, as compensable diagnoses; April 25, 2017, which denied the addition of CRPS, left lower extremity, and other chronic pain to the claim; April 25, 2017, which denied Lidocaine ointment and Topamax; May 17, 2017, which denied the addition of other chronic pain as a compensable condition in the claim; July 28, 2017, which denied CRPS as a compensable condition in the claim; and November 6, 2017, which closed the claim for the payment of temporary total disability benefits, and separately found that the Ms. Peters did not submit sufficient evidence to support the payment of additional benefits. This claim is also in litigation pursuant to Ms. Peters's protest to a claims administrator Order dated August 20, 2017, which denied a request for authorization for a nerve block injection and physical therapy evaluation in regard to her CRPS diagnosis. The Workers' Compensation Office of Judges ("Office of Judge") found by Order dated January 24, 2018, that the claims administrator correctly denied the request to add CRPS of the left lower extremity, pain in left ankle, other chronic pain, and injury to the left wrist as compensable conditions in the claim. The Office of Judges also found that the treatment request for medication was properly denied as it related to treatment for CRPS of the left lower extremity. Finally, the Office of Judges affirmed the claims administrator's closing the claim for temporary total disability benefits and holding that no additional temporary total disability benefits are warranted after the date that Ms. Peters reached her maximum degree of medical improvement. In a separate Order dated March 29, 2018, the Office of Judges affirmed the claims

administrator's decision denying the request to authorize treatment for nerve block injection and a physical therapy evaluation in regard to Ms. Peters's CRPS diagnosis. This appeal arises from the Workers' Compensation Board of Review's ("Board of Review") Final Order dated August 17, 2018, which affirmed the decisions of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Peters worked as a teacher for the Ohio County Board of Education. On April 22, 2016, she filed a claim for injuries to her left foot, leg, and ankle sustained on April 14, 2016, when she stepped in a hole while walking students to a bus. She was treated at MedExpress Urgent Care with a diagnosis of sprain of the left ankle. An x-ray taken on that date did not show any acute bone abnormalities. She was released to return to work full-duty with no restrictions. Ms. Peters returned to MedExpress on April 25, 2016, for her ankle injury, at which time she indicated that she had experienced leg swelling and increased pain. She expressed a desire to be referred to an orthopedist at the Cleveland Clinic. By Order dated April 26, 2016, the claim was held compensable for left ankle sprain. The expected date for her return to duty was May 2, 2016.

Ms. Peters began treatment with Stephen Conti, M.D., an orthopedic specialist, on May 16, 2016. She had a prior relationship with Dr. Conti from her history of lower extremity problems.[1] In his report, Dr. Conti noted that Ms. Peters complained of pain with ambulation and increased pain with exercise. Inspection of the leg revealed no edema and palpation of the popliteal nodes were unremarkable. Dr. Conti also noted that x-rays revealed no abnormalities, and an MRI also demonstrated no abnormalities. He prescribed physical therapy to treat the Ms. Peters's ankle strain. She underwent her first physical therapy treatment at Mountain River Physical Therapy on May 20, 2016. When she returned to Dr. Conti on June 27, 2016, she reported that she was doing relatively well with physical therapy. She continued therapy under physician's care. On August 10, 2016, the rehabilitation provider completed a return to work progress report noting that Ms.

---

[1] Ms. Peters has a history of ankle and lower extremity complaints and treatment beginning on May 7, 2007. On September 7, 2008, she underwent an MRI of her left ankle, which revealed mild plantar fasciitis. An MRI of the right ankle on September 28, 2008, noted plantar fasciitis and a focal area of fibromatosis. An x-ray of the bilateral ankles was read as negative on September 28, 2008. She began treatment on January 8, 2010, at Goodwin Foot & Ankle for bilateral Achilles tendon pain. She was diagnosed with Achilles tendonitis and pronation deformity on September 22, 2008. She underwent physical therapy for her left lower extremity at Ohio Valley Medical Center on August 18, 2010 and August 30, 2010. On January 25, 2011, she began treating with Dr. Conti for an injury to her left front ankle and leg. She was also diagnosed with a post-traumatic injury to the anteromedial tibia, possibly a hematoma. She underwent surgery on May 2, 2011, which included left leg extension of the periosteum of the tibia. She also reported to Wheeling Hospital on February 28, 2011, with complaints of severe leg cramps. She underwent physical therapy for her left Achilles pain through September 15, 2014.

Peters was experiencing overall improvement but continued to complain of pain with extended periods of standing and walking. She was released by Dr. Conti to return to work with restrictions regarding standing and walking.

Ms. Peters underwent an EMG on October 6, 2016. The EMG was described as a normal examination. She also underwent an arthrogram, which demonstrated some contrast extravasation to the anterior talofibular ligament. The calcaneofibular ligament, deltoid ligaments, and syndesmotic ligaments were normal and there was no arthrogram evidence of significant synovitis. Ms. Peters returned to Dr. Conti on October 17, 2016, with complaints of continued pain and subjective instability. In his office note, Dr. Conti did not list additional diagnoses, and he did not modify her work duty restrictions. He indicated that he was at a loss to explain Ms. Peters's symptoms in light of her normal physical examination findings.

At the request of Dr. Conti, Ms. Peters was treated by James J. Sferra, M.D., on November 7, 2016. Dr. Sferra reported that she had global hypersensitivity and peroneal strength of 4+ out of 5. He opined that Ms. Peters had symptoms consistent with CRPS, and that she does not have any orthopedic pathology needing surgical intervention. Dr. Sferra recommended a consultation with a pain management specialist. If her condition was deemed to be CRPS, then Dr. Sferra would order an arthroscopy of the ankle, along with stress fluoroscopy of the ankle under anesthesia.

A report was submitted into the record from Michael Bowman, M.D., dated November 9, 2016. Dr. Bowman reported an impression of neuritis of the superficial peroneal nerve which can occur with a plantar flexion sprain type of injury. He noted that the ankle sprain had healed and that Ms. Peters was stable and her motion was good. Although Ms. Peters expressed that she had soreness in her calf and lower extremity, the examination revealed normal skin, no edema, and she had normal skin. Dr. Bowman suggested desensitization for the superficial peroneal nerve and noted that the condition does not look like CRPS. Venous Doppler was suggested to rule out deep vein thrombosis. Based upon her symptomatic complaints of discomfort, Dr. Bowman recommended sedentary work duty restrictions.

Ms. Peters submitted a Diagnosis Update request from Dr. Sferra on November 17, 2016, in which he requested a primary condition of ligament strain and a secondary condition of reflexive sympathetic dystrophy ("RSD") be added to the claim. On November 21, 2016, Dr. Conti submitted a Diagnosis Update request to add a primary diagnosis of left ankle sprain and a secondary diagnosis of left ankle neuritis/peroneal nerve with possible RSD. In a progress note of the same date, Dr. Conti noted that he was not sure whether Ms. Peters's symptoms were brought about by CRPS. Although her work restrictions remained the same, Dr. Conti requested that she be referred to a pain clinic.

On January 4, 2017, a Request for Change of Physician form was submitted to list Michael Stanton-Hicks, M.D., as the treating physician in the claim. Dr. Stanton-Hicks requested a Diagnosis Update to add a diagnosis of CRPS of the lower left extremity following a strain to the claim. Dr. Stanton-Hicks also requested physical therapy for the lower extremity for CRPS and limited functional capacity testing. In his progress note dated January 4, 2017, Dr. Stanton-Hicks found Ms. Peters to have normal skin with no discoloration, no temperature difference, and her

lower extremities were normal with no deformities. Dr. Stanton-Hicks opined that she does not fully meet the Budapest criteria for CRPS, although she showed some features of the condition. Ms. Peters was referred for CRPS specific physical therapy and was prescribed the medication Topamax for neuropathic pain. Diagnoses included sprain of the left ankle, unspecified ligament, sequela; CRPS type 1 of left lower extremity; and chronic left ankle pain.

The Ohio County Board of Education submitted surveillance video from January 12, 2017, to February 15, 2017, which showed Ms. Peters engaged in daily activities. A claims administrator Order authorized continued physical therapy from January 4, 2017, through March 4, 2017. Ms. Peters was eligible for temporary total disability benefits for the period of January 4, 2017, through February 15, 2017. On January 18, 2017, Dr. Stanton-Hicks completed a Diagnosis Update request for the addition of a triangular fibrocartilage complex ("TFCC") injury of the left wrist. It was alleged that Ms. Peters fell and injured her wrist as a result of her ankle injury.

A Physician Review report by Syam B. Stoll, M.D., dated February 3, 2017, indicated that Dr. Stoll performed a medical review to determine if the claims administrator should authorize the requested medications Topamax and Lidocaine 5% cream. Dr. Stoll recommended that the medications not be authorized. He noted that the official disability guidelines did not recommend either medication for the treatment of CRPS. Furthermore, he noted that the objective medical documentation did not support a diagnosis of CRPS.

Ms. Peters was scheduled for a functional capacity evaluation on February 7, 2017, at Fairmont Rehabilitation Center. On that same date, Joseph Pennington at Fairmont Rehabilitation Center indicated that she refused to sign the financial disclosure form, which has to be filled out per hospital policy before undergoing a functional capacity evaluation. As a result, she did not participate in the functional capacity evaluation scheduled for that day. Allegiant Managed Care, Ms. Peters's rehabilitation provider, issued a closure report on February 8, 2017.

Ms. Peters was evaluated by D. Kelly Agnew, M.D., for an independent medical evaluation regarding her left ankle injury. In the report dated February 15, 2017, Dr. Agnew opined that the work-related injury of April 14, 2016, was consistent with left ankle sprain, which had been resolved. Dr. Agnew did not find evidence of CRPS or RSD. There was no evidence of a lingering ankle injury to contribute to a fall with a left upper extremity injury. Dr. Agnew reviewed the surveillance video submitted by the respondent and reported that the video shows Ms. Peters demonstrating a brisk gait and descending stairs without using railing. The video also showed that she was able to easily enter a vehicle and go up and down curbs without appreciable difficulty. Dr. Agnew found the video to be inconsistent with her complaints of instability. It was determined that Ms. Peters had reached her maximum degree of medical improvement. Utilizing the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th ed. 1993), he recommended 0% whole person impairment.

By Order dated February 16, 2017, the claims administrator denied a referral request for consideration of provision rehabilitation services as Ms. Peters failed to cooperate with rehabilitation services. The claims administrator ceased temporary total disability benefits and on February 14, 2017, the request to add TFCC left wrist injury as a compensable condition in the

4

claim was denied. On February 21, 2017, the claims administrator denied her request to add pain in the left ankle and other chronic pain as compensable diagnoses. On March 5, 2017, the claims administrator closed the claim for the payment of temporary total disability benefits services, as Ms. Peters failed to provide information to support the continuance of the payment of temporary total disability benefits.

On March 6, 2017, Dr. Stoll completed a Physician Review regarding whether CRPS should be considered a compensable condition in the claim. Dr. Stoll found no objective medical findings to support the addition of the diagnosis to the claim. He again found no CRPS or RSD or neuropathy of Ms. Peters's left lower ankle injury. Dr. Stoll also did not find any lingering diagnosis which one might ascribe to the work-related event. Following Dr. Stoll's report, the claims administrator denied the request to add CRPS of the left lower extremity in an Order dated March 7, 2017. James Dauphin, M.D., also completed a Physician Review of the record on March 15, 2017, recommending that the diagnosis of chronic pain not be added to the claim. On March 22, 2017, the claims administrator denied the request to add chronic pain as a compensable condition in the claim.

After a grievance was filed by Ms. Peters, on April 5, 2017, the StreetSelect Grievance Board ("Grievance Board") recommended the denial of the addition of the diagnosis for left lower extremity pain and TFCC injury to the claim. On April 6, 2017, the claims administrator affirmed the denial of the request to add the two conditions. On April 19, 2017, the Grievance Board recommended affirmation of the denial of Lidocaine 5% ointment and Topamax 50 mg tabs, with the claims administrator affirming the denial on April 25, 2017.

Ms. Peters submitted a letter from Dr. Stanton-Hicks dated April 20, 2017, in which he reported that he would like to add new clinical findings that would change his prior diagnosis. He noted that clinical signs in the left lower extremity that were not evident on the previous visit included marked edema, mottling and purple discoloration of the skin, differential hair growth between the two extremities, allodynia to air movement and hyperalgesia to pinprick and decreased range of motion at the ankle. Dr. Stanton-Hicks concluded that the additional clinical findings were sufficient to meet the criteria for CRPS. He opined that the condition should be added to the claim as a compensable condition, and that additional treatment was needed.

On May 3, 2017, the claims administrator withheld authorization for the addition of CRPS to the claim. On May 10, 2017, the Grievance Board recommended that the affirmation of the denial to add other chronic pain to the claim. On May 17, 2017, claims administrator affirmed the previous order which denied the addition of the diagnosis of "other chronic pain." On June 2, 2017, the claims administrator denied the third request to add CRPS as a compensable diagnosis in the claim.

On August 16, 2017, Christopher Martin, M.D., of the West Virginia University Department of Occupational Health and Medicine completed an independent medical evaluation concerning Ms. Peters's left ankle strain. Dr. Martin noted a significant history of a left ankle injury and bilateral Achilles tendon injury. He examined Ms. Peters and found that she had brisk and symmetric reflexes in both knees and ankles. Dr. Martin reviewed the surveillance video and

noted that it shows a markedly higher level of function than she presented on exam. Although Ms. Peters complained of atrophy, Dr. Martin did not find evidence of atrophy, edema, or skin and nail bed changes, all conditions that she claimed to have experienced. He noted that her history conflicts with her medical records. Dr. Martin opined that the left wrist injury cannot be regarded as a complication to her original work-related injury to the left ankle. He found that she had reached maximum medical improvement with 0% impairment.

In response to Dr. Martin's report, Dr. Stanton-Hicks submitted a letter disagreeing with Dr. Martin's assessment. In light of Dr. Stanton-Hicks's letter, Dr. Martin filed an addendum report in which he reviewed the record referenced by Dr. Stanton-Hicks. Dr. Martin noted that the new information did not support a diagnosis of CRPS, and the evidence did not offer and did not address the points from his prior independent medical evaluation.

On November 2, 2017, Ms. Peters treated with Gurpreet Singh Dhallwal, M.D., and Beth Minzler, M.D., of the Cleveland Clinic Pain Center. She was seen for re-evaluation of her left foot pain condition. Dr. Dhallwal's examination revealed normal skin color, with no trophic changes and he found that her strength was symmetrical. Temperature difference was noted between the left and right lower extremity with the left extremity being cooler. Dr. Dhallwal's assessment was CRPS, type 1, of the lower extremity, pain in left foot. He also diagnosed chronic pain of left ankle, and obstructive sleep apnea. He noted that aggressive CRPS-directed physical therapy was necessary. She was to return in three months to assess her progress.

On November 24, 2017, Ms. Peters submitted a report of Ronald Zipper, D.O. She was examined for complaints of the left wrist and hand. The assessment was injury of TFCC of the left wrist, subsequent encounter; arthritis of the carpometacarpal join of the left thumb; chronic crepitant synovitis of the left wrist; and chronic pain of the left wrist.

The six protests that are subject of this appeal were submitted to the Office of Judges for consideration. On January 24, 2018, the Office of Judges entered an Order affirming the Orders dated April 6, 2017; April 25, 2017; May 17, 2017; July 28, 2017; and November 6, 2017. It was specifically found that the requested secondary conditions are not related to the sole compensable injury in this claim, which is the left ankle strain. Additionally, the Office of Judges, in an Order dated March 29, 2018, found that the claims administrator properly denied Ms. Peters's request to authorize the treatment of a nerve block injection and a physical therapy evaluation as she failed to establish by a preponderance of the evidence that the requested treatment is medically related and reasonably required to treat her ankle sprain. The Office of Judges reasoned that the requested treatment was based upon a diagnosis of CRPS, which is not a compensable condition in the claim. In an Order dated August 17, 2018, the Board of Review adopted the findings and conclusions of the Office of Judges and affirmed both Orders of January 24, 2018, and March 29, 2018.

After review, we agree with the conclusions of the Office of Judges, as affirmed by the Board of Review. The preponderance of the evidence in this claim supports the finding that the sole compensable condition in the claim is Ms. Peters's left ankle strain and that the requested secondary conditions are not related to the work injury. The preponderance of the evidence also

supports the findings that Ms. Peters is not entitled to treatment in regard to these conditions and that she is not entitled to any additional temporary total disability benefits after February 15, 2017, which is the date that she was determined to have reached her maximum degree of medical improvement for her compensable left ankle strain. The Office of Judges and Board of Review properly affirmed the claims administrator's Orders regarding denial of secondary conditions, denial of treatment for these non-work related conditions, and the closing of the claim for the payment of temporary total disability benefits. Dr. Agnew, Dr. Conti, and Dr. Martin all indicated that Ms. Peters has a left ankle strain, which has been resolved.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 9, 2020**

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

Justice Margaret L. Workman not participating